IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25CR00076-001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AGREED ORDER REGARDING |
| | ) | PAYMENT OF ANTICIPATED |
| STEVEN CURTIS ADAMS, | ) | RESTITUTION |
| | ) | |
| Defendant. | ) | |

The Court, upon consent of the United States of America ("United States") and

Defendant Steven Curtis Adams ("Defendant"), (collectively, the "Parties"), hereby

ORDERS as follows:

1.      On October 10, 2025, a Memorandum of Plea Agreement was entered,

where Defendant agreed to pay restitution in the amount of $291,339.00.  D.E. 18.

The Parties anticipate that the restitution will be ordered as part of a criminal

judgment in this matter.

2.      The Parties have agreed to entry of this order to liquidate certain assets

to make payments toward the anticipated restitution judgment

3.      Defendant agrees to and shall list the following real property and

vehicles for sale (collectively, the "Subject Assets") and make every reasonable effort

to sell the following property in good faith and for reasonable market value to a bona

fide, third-party purchaser within [ Four ] months of the Effective Date of this Order:

Scanned with
CamScanner

a. 8 Acres, Cherry Cr (Parcel #4413-63-A), Patrick County, Virgina, as identified in the Presentence Investigation Report [D.E. 25] ("PSR") at ¶ 30.

b. 9.021 Acres Cherry Cr Tract 6 (Parcel #4413-63-G), Patrick County, Virgina as identified in the PSR at ¶ 30.

c. Four Ford Passenger Vans as identified in the PSR at ¶ 30.

4. Provided the sale of the Subject Assets is conducted in good faith, at reasonable market value, and to a bona fide, third-party purchaser, the United States will not withhold consent to any such sale. If any of the Subject Assets are not sold by private sale within [ Four ] months of the Effective Date of this Order, Defendant consents to issuance of a writ of execution against the Subject Assets and a sale by the United States Marshals Service.

5. Prior to the closing of any sale of the Subject Assets, Defendant shall provide written notice of the sale terms—which shall include the HUD Settlement Statement for any real property and the proposed sale contract for any vehicle—to the United States Attorney's Office, Financial Litigation Unit, 150 Fayetteville St., Suite 2100, Raleigh, North Carolina 27601, who must approve the terms prior to the completion of the sale closing.

6. All net proceeds from the sale of the Subject Assets, up to the outstanding amount of the debt, will be paid to the United States, along with an accounting of the sale. All checks should be made payable to U.S. District Court with Case No. 7:25CR00076-001 indicated on the memorandum line and mailed to U.S. District Court, P.O. Box 25670, Raleigh, North Carolina 27611. Any amounts

2

Scanned with CamScanner

received shall be applied to Defendant's criminal monetary penalties, including restitution, upon entry of a judgment in this matter.

7. Nothing in this Order prevents the United States from pursuing administrative offsets, including those through the Treasury Offset Program. Any payments applied to this claim by the Department of Treasury as a result of an offset will be credited as a payment to the existing balance.

8. Nothing in this order prevents the United States from pursuing any and all remedies allowed by law to collect the debt reflected in Defendant's plea agreement and any future judgment entered.

9. Nothing in this Order is a novation in any manner to reduce or diminish the full legal rights of the United States in any future criminal judgment filed in this case or affect the future judgment in any manner.

10. The Parties to this Order agree to sign any other reasonable documents necessary to effectuate the terms of this Order.

11. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

APPROVED AND SO ORDERED this _30_ day of ____March____, 2026.

_____
James C. Dever III
United States District Judge

3

Scanned with
CamScanner

CONSENTED TO:

_____  DATE: _3/26/26_
BENJAMIN J. HIGGINS
Assistant United States Attorney


_____  DATE: _3/24/26_
STEVEN CURTIS ADAMS
Defendant

_____  DATE: _3/24/26_
LAUREN HARRELL BRENNAN
Counsel for Defendant

4

Scanned with
CamScanner